**MEI JIANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondents.**

**No. 08–0375–ag.**

United States Court of Appeals, Second Circuit.

Feb. 18, 2009.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER and Hon. ROBERT D. SACK, Circuit Judges.

## 462

### SUMMARY ORDER

Petitioner Mei Jiang, a native and citizen of China, seeks review of a December 27, 2007 order of the BIA affirming the January 26, 2006 decision of Immigration Judge ("IJ") Paul DeFonzo denying her applications for asylum, withholding of removal, and CAT relief. *In re Mei Jiang*, No. A 95 710 311 (B.I.A. Dec. 27, 2007), *aff'g* No. A 95 710 311 (Immig. Ct. N.Y. City Jan. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Thus we "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008).

Substantial evidence supports the IJ's adverse credibility determination, which was based on: (1) the absence of corroborating testimony from the authors of the letter from Jiang's church and her uncle; (2) an inconsistency concerning when she registered at her church; (3) the omission from her direct testimony that police continue to seek her arrest; and (4) the omission from Jiang's asylum application that she was prohibited from entering her church by local town officials after a February 2005 incident.

As an initial matter, Jiang does not challenge the IJ's implausibility finding or his finding that her uncle's failure to testify negatively impacted her credibility. Accordingly, those findings stand as valid bases of the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir.2008).

The IJ properly found inconsistent Jiang's testimony that she left for Florida on July 15, 2005 and remained there until August 30, 2005 and the letter from her church in New York, which indicates that she registered there on July 17, 2005. Because Jiang's explanation that she forgot the date would not have compelled a reasonable factfinder to credit it, the IJ properly relied on the inconsistency to support his adverse credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005). The IJ also did not err in relying on the omission from Jiang's asylum application that she attempted to reenter her family church in China after she was threatened by local officials in February 2005 because, contrary to Jiang's assertion, her application only indicates that local officials forbade her from entering the church in September 2003. *See Xiu Xia Lin*, 534 F.3d at 167 (2d Cir.2008). Additionally, the IJ properly found that Jiang's lack of corroboration rendered her unable to rehabilitate her testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006)

Jiang asserts that many of the inconsistencies and omissions cited by the IJ are minor or immaterial to her claim. However, under the REAL ID Act, which applies to Lin's application for relief, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determina-

tion as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin,* 534 F.3d at 167 (emphasis in original). Taken as a whole, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin,* 534 F.3d at 167. Therefore, the IJ may deny Jiang's application for asylum and withholding of removal because the only evidence that Jiang would be persecuted depended on her credibility. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Because Jiang failed to challenge the IJ's denial of her application for CAT relief both before the BIA and this Court, we deem that claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.